**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 1:25-CR-3 (LAG) |
| | : | |
| STEPHEN KYLE CASEY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## <u>ORDER</u>

Before the Court is Defendant Stephen Kyle Casey's Unopposed Motion to Continue Trial in the Interest of Justice (Motion). (Doc. 24). Therein, Defendant moves to continue the pretrial conference and trial in this matter, currently set for March 27, 2025, and April 21, 2025, respectively. (*Id.* at 1; Doc. 17).

On January 14, 2025, Defendant Stephen Kyle Casey was charged with one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. 1). Defendant made his initial appearance on March 3, 2025, pleaded not guilty, consented to pretrial detention, and was remanded to the custody of the U.S. Marshals Service. (Docs. 6, 10, 11, 14). On March 4, 2025, the Court entered a Scheduling Order setting the matter for trial, and on March 10, 2025, Defendant filed the instant Motion. (Docs. 17, 24). In the Motion, Defendant's Counsel represents that discovery was received from the Government on March 6, 2025, and "[t]here has not yet been an opportunity for [Defendant] to receive the discovery or for [Defendant's Counsel] to review the discovery." (Doc. 24 at 2). The Government does not oppose Defendant's Motion, and this case has not yet been previously continued. (*Id.* at 2–3).

Upon due consideration, the Court finds that the "ends of justice served by the granting of [a] continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Specifically, the Court finds that failing to grant a continuance would result in a miscarriage of justice and deny Defendant's Counsel the reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B)(i), (iv). Accordingly, Defendant's Motion (Doc. 24) is **GRANTED**, and the delay occasioned by this continuance shall be deemed **EXCLUDABLE** pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. § 3161.

It is hereby **ORDERED** that the pretrial conference and trial in the above-captioned matter shall be **CONTINUED** to a date to be determined later. The deadlines in the Court's March 4, 2025 Scheduling Order (Doc. 17) are hereby terminated, and a new scheduling order will be forthcoming.

**SO ORDERED**, this 13th day of March, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**